**UNITED STATES**

v.

**David K. JONES, Seaman Recruit, U.S. Coast Guard.**

CGCMS 23339.
Docket No. 806.

U. S. Coast Guard Court of
Military Review.

25 May 1977.

Trial Counsel: LT Andrew W. Anderson, USCG.

Assistant Trial Counsel: LT Bruce E. Weule, USCG.

Defense Counsel: LT Paul J. Bodenhofer, USCG.

Appellate Defense Counsel: LT Patricia L. Shebest, USCGR.

For the United States: LT Malcolm J. Williams, Jr., USCGR.

PER CURIAM:

The accused was tried by military judge alone. In accordance with his plea, he was found guilty of AWOL, 72 days, terminated by apprehension. He had two previous convictions, one by summary court and one by special court-martial; and there were four instances of nonjudicial punishment. The judge sentenced him to forfeit $225 pay per month for two months, confinement for two months and a bad conduct discharge. Convening and supervisory authorities approved the sentence, with a slight reduction in confinement.

Prior to sentencing, the accused, through his counsel, made an unsworn statement in which he referred to his domestic difficulties, and his "continuing problem with the Coast Guard" as reflected by his disciplinary record. He also indicated that he was aware of the pendency of an administrative discharge proceeding when he went AWOL. He explained:

> I was afraid that if I stayed at the station any longer, I would have gotten in more trouble than I could handle. Leaving as I did was not a very good move, but the pressure on me was great.

One of two errors assigned asserts prejudicial error in that the military judge sustained an objection to the defense offer in

evidence of a Commandant Notice relating to administrative discharges. The notice had been issued shortly before the instant trial and its subject was "Expeditious Discharge for Marginal Performance and Absenteeism"; it was later to be incorporated in the Coast Guard Personnel Manual. Appellant argues that as a result of the judge's ruling the defense was precluded from offering further material in evidence which would have shown that a bad conduct discharge was not appropriate in this case.

 We do not agree. The judge correctly sustained the objection to the notice in question. The criteria or standards by which a military service determines eligibility for administrative separations are not pertinent to sentence determinations at court-martial trials. Further, the judge's ruling did not preclude the defense from offering other evidence thought to be relevant. Nothing in the record indicates that the defense counsel at the trial attempted to, or desired to, present to the court the documents which appellant has presented to us. These documents reveal that the accused would have been separated administratively with a general discharge had he not gone AWOL. Giving due consideration to this fact, we nevertheless find that the bad conduct discharge adjudged herein was an appropriate part of the court's sentence.

 The other error assigned urges that the convening authority "denied the defendant the effective assistance of counsel" and abused his discretion by detailing an assistant trial counsel and failing to detail an assistant defense counsel.

Neither the Code nor the Manual requires that an assistant defense counsel be provided, nor that the defense have as many lawyers as the prosecution. The Manual merely states (in para. 6d ):

> In general it is desirable that as many assistant defense counsel as assistant trial counsel be detailed . . .

Plainly the matter of equalizing the number of assistants is left to the discretion of the convening authority. If the defense felt disadvantaged in the instant case it could have applied to the convening authority for relief before trial, or objected at the trial. It did not do so; nor is there any evidence that the accused suffered prejudice. In the circumstances, the failure to appoint an assistant defense counsel was neither legal error nor an abuse of discretion. *United States v. Villicana*, 9 C.M.R. 575 (N.B.R. 1953).

The findings of guilty and the sentence as approved on review below are affirmed.

Judges ROSENWASSER, MAGUIRE and BRIDGMAN concur.

Judges YOUNG and BURGESS did not participate in the decision in this case.